UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H.M.,<br><br>    Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03482-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 24 |

  Plaintiff brings this action against Uber Technologies, Inc. and Raiser, LLC (collectively "Uber") arising out of an assault she suffered from her Uber driver. This is just one of hundreds of similar cases filed in federal court around the country. The Judicial Panel on Multidistrict Litigation ("JPML") is presently considering whether to consolidate these federal cases before one district court for pretrial purposes. Now pending before the Court is Plaintiff's motion to stay proceedings until the JPML issues its decision. (Dkt. Nos. 24; 17.)[1] After carefully considering the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 5, 2023 hearing, and GRANTS Plaintiff's motion to stay. All case deadlines are vacated, including deadlines in connection with Defendants' motions to dismiss and transfer venue, pending further order of the Court. Plaintiff has met her burden to establish a stay is warranted and Defendants will not be prejudiced by a brief stay.

## COMPLAINT ALLEGATIONS

  Uber is an app-based transportation company. (Dkt. No. 1 ¶¶ 1, 2.) Plaintiff alleges that during a ride procured using the Uber app, the Uber driver raped her, causing emotional, mental,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   and physical trauma.  (Dkt. No. 1 ¶¶ 61-74.)  Plaintiff claims Defendants "failed to take reasonable
2   steps to confront the problem of multiple rapes and sexual assaults on Uber Passengers by Uber
3   drivers[.]"  (Dkt. No. 1 ¶ 75.)  Plaintiff also contends Defendants intentionally misled the public
4   by falsely claiming to take steps to address the sexual assault problem on its platform.  (Dkt. No. 1
5   at 20.)

6   Plaintiff brings claims against Defendants under theories of *respondeat superior*, agency,
7   ostensible agency, partnership, alter-ego, other forms of vicarious liability, negligence, intentional
8   misrepresentation, intentional infliction of emotional distress, breach of contract, and strict
9   liability.  (Dkt. No. 1 at 1, 5.)

## PROCEDURAL HISTORY

After filing this action, Plaintiff, along with other plaintiffs making similar claims, brought a motion for consolidation to the JPML.  (Dkt. No. 14.)  "[A]t least 47 federal actions filed against Defendants seeking relief for individual passengers who were sexually assaulted by Uber drivers," pending in at least 14 different judicial districts.  (Dkt. No. 24-1 at ¶ 5.)  The JPML decision may centralize this matter into a federal Multidistrict Litigation for coordinated or consolidated proceedings under 28 U.S.C. § 1407.  The JPML is scheduled to hear argument regarding consolidation on September 28, 2023.  (MDL, 23-3482, Dkt. No. 10.)

After Plaintiff filed the JPML consolidation motion, Defendants moved to dismiss and to change venue to the Northern District of New York.  (Dkt. Nos. 17; 20.)  They refuse to agree to stay proceedings here pending the JPML's consolidation decision; hence, Plaintiff had to file this motion to stay.

## DISCUSSION

A district court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The party seeking a stay bears the burden of establishing a stay is appropriate.  *See Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (9th Cir. 1977) (citing *Landis*, 299 U.S. at 255).  Here, Plaintiff has met their burden, so a stay is appropriate.

United States District Court
Northern District of California

When considering whether to grant a stay, district courts should weigh "competing interests." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. 248 at 254-255). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

Some courts evaluate competing interests, specifically where a JPML decision is pending, by applying the *Rivers* test which considers the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see e.g. Couture v. Hoffman-La Roche, Inc.,* No. 12-cv-2657-PJH, WL 3042994, *2 (N.D.Cal. 2012) (applying the *Rivers* test); *see also City of Corona v. 3M Company,* 2021 WL 3829700, *2 (C.D.Cal. 2021) (noting the *Rivers* test is one of two tests used by courts in the Central District of California). The *Rivers* test is not binding on this Court, but it adequately addresses the competing interests in this case and both parties use the test as a framework for their arguments. (Dkt. No. 24 at 6-7; Dkt. No. 27 at 3.) Applying the *Rivers* test here, all three factors support a stay.

First, there is a low risk of prejudice to Uber. The stay is short and will likely delay the case only a few weeks, at most. The JPML is set to hear the arguments on September 28, 2023. (Dkt. No. 24-1 at 13.) Indeed, given Uber set argument on their motions for January 11, 2024, there is a good chance the stay will not delay these proceedings at all even if consolidation is denied.

Second, denying the stay creates a substantial risk of hardship and inequity to Plaintiff because requiring her to file oppositions to Uber's motions while the JPML considers coordination could be a needless use of time and resources. If the JPML decides to consolidate, the motion to transfer venue becomes moot.

Third, judicial economy strongly favors a stay. Although a stay is not automatic when a JPML decision is pending, many district courts grant stays in such cases because of judicial

3

economy. *See Rivers*, 980 F.Supp. at 1362 (noting most courts find a stay is appropriate while awaiting a JPML decision to consolidate). A stay could conserve judicial resources because a JPML decision might consolidate and transfer this matter elsewhere in which case this Court will have needlessly spent scarce judicial resources resolving (or at least preparing to resolve) Uber's motions. Indeed, Uber's unwillingness to stipulate to a brief stay of Plaintiff's oppositions to its motions pending the JPML decision—even though Uber did not schedule the motions to be heard until January 2024—has already wasted scarce judicial resources. The Court will not allow Uber to waste even more.

In sum, all the relevant facts strongly favor a stay of proceedings pending the JPML decision.

## CONCLUSION

For the reasons stated above, Plaintiff' motion to stay is GRANTED. All current deadlines are vacated.

This Order disposes of Docket Nos. 24 and 25.

**IT IS SO ORDERED.**

Dated: September 22, 2023

JACQUELINE SCOTT CORLEY
United States District Judge